Harland A. MACIA III, doing business as Catamount Software, Plaintiff–Counter–Defendant–Appellant–Cross–Appellee,

v.

MICROSOFT CORPORATION, Defendant-Counter-Claimant-Appellee-Cross-Appellant.

Nos. 04–5582–cv, 04–5792–cv.

United States Court of Appeals, Second Circuit.

Jan. 5, 2006.

Markus Brakhan, Brakhan Law Office, LLC, Jackson Hole, WY, for Appellant.

John Thompson Brown, Wildman, Harrold, Allen & Dixon LLP (Michael R. La-Porte, Wildman Harrold, Allen & Dixon LLP, on the brief; Brien Jacobsen, Microsoft Corporation, Redmond, WA), Chicago, IL, for Appellee, of counsel.

Present: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the District of Vermont (Sessions, J.) is AFFIRMED.

Plaintiff-appellant Harland A. Macia, III, doing business as Catamount Software ("Catamount"), appeals from a judgment on partial findings entered by the district court, pursuant to Federal Rule of Civil Procedure 52(c), in Microsoft Corporation's ("Microsoft") favor after the close of Catamount's case in a bench trial. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

On appeal from a judgment on partial findings pursuant to Rule 52(c), we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 960 (2d Cir.1998). We see no error in the district court's conclusion that Microsoft did not infringe Catamount's trademark in the software "PocketMoney," which runs on personal digital assistants (PDAs), by referring to its competing software for PDAs as "Microsoft® Money for Pocket PC." Record evidence established that "Microsoft® Money" is a senior mark and that software compatible with Microsoft's operating sys-

---

* The Honorable Lewis A. Kaplan, United States District Court for the Southern District of New York, sitting by designation.

tem for PDAs is frequently identified with the phrase "for Pocket PC."

This Court has emphasized that trademark law is designed to protect against consumer confusion, but not to grant exclusivity that would deprive the consuming public of useful market information. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 147–48 (2d Cir.2003). Here, Microsoft is clearly entitled to use its senior mark. Moreover, if Microsoft could not identify its software as being "for Pocket PC," its ability to describe its product to consumers would be impaired—"a wholly counterproductive result so far as consumers are concerned." *Am. Cyanamid Corp. v. Connaught Labs., Inc.*, 800 F.2d 306, 308 (2d Cir.1986) (citation omitted). The descriptive phrase "for Pocket PC" serves two identifying functions useful to consumers: (1) notifying them that the software is for PDAs rather than desktop or laptop computers, and (2) indicating to them that the software runs only on Microsoft's operating system for PDAs. We conclude that Microsoft has not infringed Catamount's rights in the mark "PocketMoney" by combining its senior mark with a descriptive phrase that informs consumers of the nature and use of its product. Because we conclude that Microsoft's use of a senior mark in combination with a descriptive phrase imparting useful information to consumers does not entitle Catamount to relief, we need not discuss the *Polaroid* factors to determine the likelihood of confusion as to the origin of Catamount's product in this reverse confusion case. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961) (listing factors relevant in analyzing the likelihood of confusion in trademark violation cases).

We similarly find no error in the district court's award of judgment on partial findings to Microsoft on Catamount's state-law claims. Because Microsoft is entitled to use its senior mark in combination with a descriptive phrase indicating the operating system with which its software is compatible, Catamount is not entitled to relief on those claims.

For the foregoing reasons, the judgment of the district court is AFFIRMED.